Filing # 62586417 E-Filed 10/09/2017 03:46:10 PM

IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY
SMALL CLAIMS CIVIL DIVISION

RICHARD MCCLUSKEY,

    Plaintiff,

v.

ENHANCED RECOVERY
COMPANY, LLC,

    Defendant.
_____/

Case No.:
Div.

## STATEMENT OF CLAIM AND JURY DEMAND
(Unlawful Debt Collection Practices)

### I.   INTRODUCTION

1. This is an action for damages brought by an individual consumer against Enhanced Recovery Company, LLC dba ERC ("ERC") for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

When it enacted the FDCPA, Congress found there to be abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

### II.   JURISDICTION AND VENUE

2. This is an action for damages not exceeding $5,000.00, exclusive of interest, costs, and attorney's fees and is within the jurisdictional limits of this court.

3. Plaintiff Richard McCluskey ("McCluskey") is a natural person residing in the CDP of Brandon, County of Hillsborough, and State of Florida.

4. Venue of this action is proper in the county named above because the cause of action accrued in Hillsborough County and it is the county where McCluskey resides.

5. Upon information and belief, Defendant is ERC, a Delaware debt collection company operating from an address at 8014 Bayberry Road, Jacksonville, Florida 32256 and doing business collecting debts in the State of Florida.

6. ERC may be served at the address listed on the court summons through its registered agent in the State of Florida.

7. For the purposes of this action, unless otherwise indicated, "Defendant" or "ERC" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the Defendant named in this caption.

### III. FACTUAL ALLEGATIONS

8. ERC is engaged in the collection of debts from consumers using the mail and telephone. ERC regularly attempts to collect consumer debts alleged to be due to another. ERC is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

9. McCluskey is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

10. Upon information and belief, the debt at issue was a DirecTV utility bill with an alleged balance of approximately $878.40. McCluskey used the account for personal, family, and household services. McCluskey defaulted on the account at issue and has not made a payment since October of 2011.

11. The purported debt that ERC attempted to collect from McCluskey was a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

12. At some time prior to February 20, 2017, the alleged debt was consigned, placed, sold, or otherwise transferred to ERC for collection from McCluskey. In collecting on the account at issue, ERC sent a collection letter with various settlement options ("Collection Letter"). Attached as **Exhibit A**.

13. In pertinent part, Florida Statute §95.11(2)(b) allows five years for "[a] legal or equitable action on a contract, obligation, or liability founded on a written instrument…"

14. McCluskey has made no voluntary payments or engaged in any other activity that would justify tolling the five-year statute of limitation. The statute of limitation expired on the account at issue prior to the mailing of the Collection Letter.

15. The Collection Letter offers various settlement options, including the opportunity to repay the outstanding amount in monthly installment payments. More importantly, the letter never disclosed that the underlying obligation was no longer legally enforceable.

16. The Collection Letter sent by ERC seeks repayment of an unenforceable debt without disclosing that fact. Further, by offering "settlement options," ERC gives the false impression that the debt is legally enforceable and that it could sue to enforce the alleged debt.

17. Finally, some of the settlement options involved more than one payment. Nothing in the Collection Letter disclosed the legal consequence of a settlement or a payment; in particular that it would restart the statute of limitations.

### IV.    FIRST CLAIM FOR RELIEF
### (Violation of the FDCPA)

18. McCluskey repeats, realleges, and incorporates by reference each of the averments in paragraphs 2 – 17 above.

19. ERC violated the FDCPA. ERC's violations include, but are not limited to, the following:

    a. ERC violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount, or legal status of the alleged debt.

    b. ERC violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt.

    c. ERC violated 15 U.S.C. § 1692f by using unfair or unconscionable means by seeking to collect or attempt to collect a debt.

20. As a result of the above averments, ERC is liable to McCluskey for a declaratory judgment that ERC's conduct violated the FDCPA, statutory damages, and attorney's fees and costs in an amount not exceeding $5,000.00, of which the exact amount will be proven at trial.

**WHEREFORE**, McCluskey respectfully requests that judgment be entered against Enhanced Recovery Company, LLC for the following:

    a. Declaratory judgment that ERC's conduct violated the FDCPA;

    b. Statutory damages pursuant to 15 U.S.C. § 1692k;

    c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

    d. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Richard K. Peck
Richard K. Peck, Esq. (FBN: 47105)
Scott C. Florin, Esq., Of Counsel (FBN: 0088202)
12515 Spring Hill Drive
Spring Hill, Florida 34609
Tel. (352) 835-7977
Attorneys for Plaintiff
service@elkinpeck.com
litigation@elkinpeck.com

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

/s/ Richard K. Peck
Richard K. Peck, Esq.
Florida Bar No. 47105